# UNITED STATES COURT OF APPEALS

# FOR THE TENTH CIRCUIT

In re:

STEAVES LOUIS EDMONDS,
also known as Steve L. Edmonds,

Movant.

No. 07-1347

ORDER
Filed October 11, 2007

Before **HENRY**, **HARTZ**, and **HOLMES**, Circuit Judges.

    Movant Steaves Louis Edmonds, a Colorado state inmate proceeding pro se, filed in federal district court an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The district court deemed the application to be an attempt to file a second or successive habeas petition and transferred it to this court because Mr. Edmonds had not obtained authorization from this court to file another § 2254 petition, as is required by 28 U.S.C. § 2244(b)(3). *See Coleman v. United States*, 106 F.3d 339, 341 (10th Cir. 1997) (per curiam) (directing district courts to transfer unauthorized second or successive § 2254 petitions to Tenth Circuit in interest of justice pursuant to 28 U.S.C. § 1631). Mr. Edmonds has filed a motion for remand to the district court. He argues that he does not need this court's

authorization to file his proposed § 2254 petition in the district court because it is not a second or successive petition. We deny the motion.

Mr. Edmonds was convicted in Colorado state court of escape from a correctional facility and sentenced to four years of imprisonment to run consecutively to his previous sentences. His conviction was affirmed on direct appeal, and he was later denied state post-conviction relief. He filed a § 2254 petition in federal district court, alleging that (1) the state court made clearly erroneous factual findings regarding his claims under the Uniform Mandatory Disposition of Detainers Act (UMDDA), Colo. Rev. Stat. §§ 16-14-101 to -108; (2) his trial counsel was ineffective for failing to move to dismiss the charges against him pursuant to the UMDDA; and (3) he was denied his right to conflict-free representation. The district court denied habeas relief. This court denied Mr. Edmonds a certificate of appealability and dismissed his appeal. *Edmonds v. Suthers*, No. 03-1022 (10th Cir. May 21, 2003).

In his proposed habeas application, Mr. Edmonds argues that his sentence was unconstitutionally aggravated. In his motion for remand, he contends that since this argument concerns the legality of his sentence, it can be raised at any time under Colorado law and therefore his habeas petition is not a second or successive petition.

We conclude that the district court correctly treated Mr. Edmonds' proposed habeas application as a second or successive petition. Because the

proposed application challenges the same criminal conviction challenged in his first habeas petition, it is a second or successive petition, and he must receive authorization from this court before filing it in federal district court. *See Burton v. Stewart*, 127 S. Ct. 793, 796 (2007) (per curiam). This court may authorize that filing only if he files a motion asking for authorization and "present[ing] a claim not previously raised that satisfies one of the two grounds articulated in § 2244(b)(2)." *Burton*, 127 S. Ct. at 796; *see also* 28 U.S.C. § 2244(b)(3)(A), (C). Mr. Edmonds has not moved for authorization. But even if he had, authorization could not be granted. Although his claim was not previously raised, it does not "rel[y] on either a new and retroactive rule of constitutional law or new facts showing a high probability of actual innocence." *Gonzalez v. Crosby*, 545 U.S. 524, 530 (2005) (citing § 2244(b)(2)).

      Accordingly, we DENY Mr. Edmonds' motion for remand. This matter is TERMINATED.

      Entered for the Court

      *[signature]*

      ELISABETH A. SHUMAKER, Clerk